THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ORLANDO ZENGOTITA ET AL., Defendants and Appellants.

No. CR-62-409.     Decided January 29, 1964.

*Héctor Lugo Bougal* and *Edgardo Llorens* for appellants. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: Defendants-appellants were found guilty of the offense of robbery by a court without a jury. The only error assigned on appeal is that the evidence was insufficient at law to sustain a conviction, invoking § 253 of the Code of Criminal Procedure to the effect that a conviction cannot be had on the testimony of an accomplice unless it is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense.

 The prosecution evidence as to the robbery itself consisted of the testimony of the aggrieved party and of the testimony of a chauffeur named Félix López Merced. Appellants' contention is that Félix López Merced was an accomplice and that his testimony, without being corroborated, was not sufficient to sustain a conviction. Although it is correct that the record contains facts which could give rise to the inference that witness López Merced was or could be an accomplice, however, according to the testimony believed

by the trial court, the conclusion of law that he was not an accomplice is supported by the record and we will not disturb the same.

The aggrieved party testified that while he was driving up the Vigía on the way to the Ponce Intercontinental Hotel, he passed a curve and noticed that the road was obstructed by an automobile. There were four men there and he thought that something was wrong with that car. A man approached him by the window on the side of the wheel and the witness asked him what was wrong. Thereupon the former struck him a blow. He did not lose consciousness, but was half-dazed. The person opened the door, got inside and jumped on him. That person started to search his pockets. Another person got inside by the right-hand side and pulled the keys from the car. The witness was able to get out of the vehicle and that other person went around the car, grabbed him by his watch, twisted his hand and took the watch away from him. He testified that only two persons attacked him, those who approached him physically. The witness' two wallets containing from $23 to $30, the watch taken by that other person and a pen were missing. When he got out of the car he struggled with one of them, he struck him on the face and knocked him down; he cried for help and the individual ran toward the car and the others ran toward the road.

At no time was this witness able to identify the defendants in court as the persons who attacked him despite all the efforts to that effect. He said that he learned afterwards that witness López Merced was the chauffeur of the vehicle which was there and that the latter did not attack him. That when he cried for help López Merced got inside the car and left and the others ran away. As to the other person who, like chauffeur López Merced the witness testified had not attacked him and remained behind the vehicle about twenty feet away, the witness described him as the smallest

of the group. He said that the chauffeur did not help or defend him at any time.

Referring to codefendant Eduardo Pérez Méndez, the witness testified that that evening they showed Pérez to him at police headquarters and that the youngster admitted that he was there, but that he had done nothing.[1]

The testimony of López Merced was, briefly, to the effect that he was a public chauffeur who operated a car at night bearing a private license plate; that that night he was in front of Paradise Bar; the three codefendants came out of that place and got inside the car, and one of them, Fernando de Jesús, asked him to take them in the direction of the Intercontinental Hotel. On the way they saw the car of the aggrieved party and De Jesús told him to try to pass it, and a little farther ahead De Jesús ordered him to stop because he had to tell something to the one in the oncoming car. The witness tried to park by the edge, but he stopped in the middle because there were other cars and he obstructed the road. The three of them got out of the car, although contrary to the testimony of the aggrieved party, he said that he remained inside and looked out of the rear glass. He insisted that De Jesús and Zengotita were the aggressors and that the youngster Eduardo Pérez took no part in the holdup. That the aggrieved American was able to get out of the car, "slapped" Zengotita and knocked him down. Thereupon the American screamed and the witness got scared, started the car and left, but Zengotita had time to get in the car. He did not know what the others did. He took Zengotita to the ward of Dr. Pila and he paid him one dollar. As he was coming down with Zengotita he met the police patrol which went by without saying anything to them. After he left Zengotita he returned to town and stopped again in

---

[1] In the course of the trial all of them always referred to codefendant Pérez Méndez as the little boy or the youngster. This proves that he was very young or the youngest of all the defendants.

front of the Paradise. De Jesús and Pérez Méndez were there. De Jesús asked him to take him to another place in order to take a sandwich to his wife, and the three of them left. While they were waiting for De Jesús who had gone inside the house, the police arrived and took the witness and Pérez Méndez who were in the car. He testified that when the defendants got inside his car, he did not hear or notice anything to indicate that they were going to perform an act such as this. He also testified that the aggrieved American had relations with and was in the company of a mistress of De Jesús.

██ Although the aggrieved party was unable to identify his aggressors at the trial, they were identified by witness López Merced to whom apparently the court gave credit. There is no basis to disturb the conviction of codefendants Zengotita and De Jesús. On the other hand, the only testimony which connected codefendant Pérez Méndez was that of Merced, and Merced testified that Pérez Méndez did not attack. If we accept Pérez' admission at the headquarters to the effect that he was at that place, we must also accept the exculpatory part that he did not do anything. The conviction of Pérez Méndez could be sustained if the record showed that the robbery was due to a contrived scheme for such purpose, and that Pérez therefore formed part of a conspiracy. There is not sufficient basis in the record to establish such conspiracy. López himself testified that nothing showed that the defendants had planned a criminal scheme when they got in his car, and on the other hand the record shows that there could have been a motive for the aggression of the aggrieved party because of the latter's relations with the mistress or wife of De Jesús, the only one of the defendants who ordered to proceed toward the Intercontinental Hotel, who ordered to stop the vehicle when it overtook that of the aggrieved party, and the only one who said that he had some-

thing to say to the latter. In fact, witness López Merced said that he did not see the aggressors take anything from the aggrieved party. The trial court apparently believed the aggrieved party on this point.

In *People* v. *Aponte*, 83 P.R.R. 491 (1961), Mr. Justice Blanco Lugo stated (p. 499):

"The mere presence at the scene of the crime, standing alone, is not sufficient to establish guilt, [citations], but this fact may be considered jointly with other circumstances surrounding the criminal act for the purposes of exacting liability, *People* v. *Carlson,* 2 Cal. Rptr. 117 (1960). It is not necessary, therefore, that the defendant personally execute the criminal act and his inactive presence is sufficient provided his responsibility as co-author may be established by prior acts, or as a result of a conspiracy in which he aided, [citations] or of a common plan, [citation]. In view of the facts related above, it must necessarily be concluded that both Aponte González and Colón Peraza are liable as coauthors, notwithstanding their inactive participation in the physical act of the violent taking of which the prejudiced party was victim. [Citations.]"

Unlike the *Aponte* case, in the case at bar there is not sufficient evidence to conclude in law that there existed a scheme or conspiracy to commit robbery.

The judgments of conviction rendered by the Ponce Part of the Superior Court on September 4, 1962 will be affirmed as to appellants Orlando Zengotita and Fernando De Jesús. The judgment as to appellant Eduardo Pérez Méndez is reversed, since the evidence is insufficient at law for a conviction of robbery and he is acquitted.